[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14075
Non-Argument Calendar

_____

D.C. Docket No. 5:03-cr-00052-TES-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ANTOINE LUSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 17, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Luster, a federal prisoner proceeding *pro se*, appeals the district court's

denial of his motion for a reduced sentence and compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  After careful review, we affirm.

## I.

In 2004, Luster was convicted of eight counts of bank robbery, *see* 18 U.S.C. § 2113, and two counts of brandishing a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A), and sentenced to a total of 535 months in prison.[1]  The total sentence included a mandatory 25-year consecutive sentence because Luster had a "second or subsequent conviction" under § 924(c)(1)(A) based on then-binding precedent.  *See Deal v. United States*, 508 U.S. 129, 134 (1993) (interpreting the 25-year mandatory minimum as applying to second—or third or fourth—§ 924(c) convictions within a single prosecution).  Luster unsuccessfully challenged his convictions and sentence on direct appeal and collateral review.

In 2018, Congress enacted the First Step Act, which made two changes relevant to this case.  First, it amended § 3582(c)(1)(A) to permit a court to reduce a sentence upon a defendant's motion if it finds that "extraordinary and compelling reasons warrant such a reduction" and other requirements are met, including exhaustion of administrative remedies through the Bureau of Prisons ("BOP").  First

---

[1] Luster's convictions and sentence were based on five separate indictments to which he entered a guilty plea and subsequently was sentenced in a consolidated proceeding.

Step Act, § 603(b). Before, only the Director of the BOP could move for such a sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021).

And second, the First Step Act amended § 924(c)(1)(C) "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final.'" First Step Act, § 403(a). In other words, the First Step Act amended the 25-year penalty enhancement so that it "does not apply to multiple § 924(c) convictions . . . resulting from a single prosecution." *United States v. Smith*, 967 F.3d 1196, 1210 (11th Cir. 2020). But importantly, Congress clarified that this reduced penalty applied to only those who were sentenced after the date of enactment of the Act. *Id.* at 1212; First Step Act, § 403(b).

In June 2020, Luster relied on both amendments in moving for a sentence reduction under § 3582(c)(1)(A)(i). In his motion, he asserted that his "unjust" 25-year sentence for a "second or subsequent conviction" under § 924(c) as a "first-time offender" constituted an extraordinary and compelling reason for reduction because, in his view, Congress had made clear that he was "convicted under the wrong statutory interpretation of 'second or subsequent conviction.'" He also cited being a "black man with diabetes and hypertension" who faced "constant exposure to smoke and the harm of the covid 19 crisis."

The district court denied the motion on July 10, 2020.  It found that Luster failed to set forth extraordinary and compelling circumstances that would warrant compassionate release.  It further stated that Luster's medical conditions were treatable and that the BOP had instituted procedures to minimize the spread of COVID-19.  Luster timely appealed.  A three-judge panel dismissed the appeal as "frivolous" in November 2020.  *See United States v. Luster*, No. 20-12813 (11th Cir. Nov. 4, 2020) (order dismissing appeal as frivolous).

Meanwhile, in October 2020, Luster filed a motion under "§ 3582(c)(1)(B)" seeking to reduce the amount of restitution he owed.  Because § 3582(c)(1)(B) does not independently authorize any relief, the district court construed the motion as brought under § 3582(c)(1)(A)(i).  *See* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.").  The court then denied the motion, stating that Luster had failed to exhaust his administrative remedies as required.  Luster timely appealed the court's order, which is the sole matter currently before us for review.[2]

---

[2] Luster has since appealed the denial of a third motion for a sentence reduction under § 3582(c)(1)(A)(i), which largely sought a sentence reduction on the same grounds as the first motion.  This matter has been docketed separately and is not before us in this appeal.

## II.

We review the denial of a defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). When an appellant abandons one of the grounds on which the district court based its judgment, "it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The First Step Act authorizes a court to grant a defendant's motion to reduce his sentence under § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that the reduction is consistent with the "applicable policy statement[]" in U.S.S.G. § 1B1.13. 18 U.S.C. § 3582(c)(1)(A)(i); *see Bryant*, 996 F.3d at 1248 (holding that courts are bound by § 1B1.13 when resolving all motions under § 3582(c)(1)(A)(i)). Section 1B1.13's commentary outlines several qualifying reasons based on the defendant's serious medical conditions, age, or family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C).

In addition, the First Step Act generally requires a defendant first to exhaust administrative remedies by submitting a request to the warden of his facility to bring a motion on his behalf. *See* First Step Act, § 603; 18 U.S.C. § 3582(c)(1)(A)(i)

(authorizing the court to grant a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). We have held that this exhaustion requirement is a nonjurisdictional claims-processing rule. *Harris*, 989 F.3d at 911.

Here, Luster's appeal fails for several reasons. First, Luster has not briefed, and therefore has abandoned any challenge to, the only matter properly before this Court for review—that is, whether the district court erred in denying Luster's construed § 3582(c)(1)(A)(i) motion seeking a reduction in restitution for failure to exhaust administrative remedies. *See Timson*, 518 F.3d at 874.

Second, nothing in the record suggests that Luster met the exhaustion requirement by submitting a request to the warden of his facility with regard to his restitution. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Third, we note that a prior panel determined that the only issue Luster raises on appeal—whether the amendment to § 924(c)(1)(C)'s enhanced penalty constituted an extraordinary and compelling reason for a sentence reduction—was "frivolous." Even assuming we could decide that question anew, the amendment to § 924(c)(1)(C)'s enhanced penalty is not an extraordinary and compelling reason as defined in § 1B1.13, which is the policy statement district courts must apply when

6

resolving motions under § 3582(c)(1)(A)(i). *See Bryant*, 996 F.3d at 1248. A reduction therefore was not authorized on that ground because it would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

And fourth, even leaving aside § 1B1.13, it would be against Congressional intent to permit a reduction under § 3582(c)(1)(A)(i) based on the amendment in § 403 of the First Step Act, because Congress expressly provided that the reduced penalty does not apply to offenders like Luster who were sentenced before the date of enactment. *See Smith*, 967 F.3d at 1212–13; First Step Act, § 403(b). Luster cannot rely on § 3582(c)(1)(A)(i) to circumvent Congressional intent.

For all these reasons, we affirm the denial of Luster's construed § 3582(c)(1)(A)(i) motion.

**AFFIRMED.**